# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ALEXANDER SANTIAGO, ERIC GIDDENS, On behalf of THEMSELVES and All Others Similarly Situated, ) ) ) ) | |
| Plaintiffs ) | COLLECTIVE ACTION |
| ) | |
| v. ) | CASE NO. 3:13-cv-00426 |
| ) | |
| STANDARD CANDY COMPANY, INC. ) ) | JUDGE SHARP MAGISTRATE JUDGE KNOWLES |
| Defendant. ) | |

## AGREED ORDER
## CONDITIONALLY CERTIFYING FLSA COLLECTIVE ACTION AND ISSUING NOTICE TO CLASS

This case is before the Court on Plaintiffs' Motion for Conditional Certification and for the Issuance of Court-Supervised Notice, pursuant to 29 U.S.C. § 216(b) ("Plaintiffs' Motion").

By agreement of the parties, Plaintiffs' Motion is GRANTED, consistent with the terms of this Order. Specifically, the Court ORDERS as follows:

1. The Court conditionally certifies a class in this action consisting all individuals employed by Standard Candy Company, Inc., at its Nashville, Tennessee, facility as production, maintenance, quality assurance, and/or sanitation workers at any time between May 15, 2007 and the present who are or were paid as non-exempt, hourly employees.

2. The Collective Action Notice and Notice of Consent forms, attached hereto as Exhibits 1 and 2 are hereby authorized for distribution to the Conditional Class.

3. Within fourteen (14) days of the entry of this Order, Defendant shall provide counsel for Plaintiffs with the names, last known addresses, and social security numbers of

1

employees to receive Notice (based on the collective action definition in paragraph 1 of this Order).

4. Plaintiffs' Counsel, or a third-party designated by Plaintiffs' Counsel, shall distribute, via U.S. Mail, the Court-Authorized Collective Action Notice, and a Spanish-language translation of the same. Each Notice shall be accompanied by the Notice of Consent Form, and a Spanish translation of the same, and a self-addressed stamped return envelope. No other material shall accompany the Notice. Plaintiffs' Counsel shall use their best efforts to mail all Notices on the same day so as to establish a single date of mailing. Plaintiffs' Counsel shall bear all costs associated with distributing the Notice and accompanying material in this manner, but shall be entitled to petition the Court for a recovery of such costs.

5. No later than seven (7) days after the Notice has been sent out via U.S. Mail, counsel for Plaintiffs shall file a certification with the Court, certifying that the Notice has been mailed to the members of the Conditional Class consistent with this Order and identifying the date of mailing.

6. All Notice of Consent Forms shall be postmarked no later than sixty (60) days from the date of mailing. No Notice of Consent Forms postmarked after sixty (60) days from the date of mailing may be filed without the written consent of all parties.

7. The parties shall not be deemed to have waived or conceded any substantive or procedural rights by consenting to this Agreed Order, the contents or form of the Collective Action Notice, or the scope of such notice's distribution, and neither this Agreed Order, the Collective Action Notice, nor the scope of the notice's distribution may be used to establish a factual or legal claim in dispute in any proceeding. Furthermore, nothing in this Agreed Order in any way precludes Defendants from later seeking a decertification of the Conditional Class, nor

2

Case 3:13-cv-00426   Document 68   Filed 09/13/13   Page 2 of 12 PageID #: 572

does this Agreed Order in any way preclude a party from seeking any form of bifurcation or separation of matters to be tried in this case.

IT IS SO ORDERED

_____
DISTRICT JUDGE KEVIN SHARP

APPROVED FOR ENTRY:

/s/ David W. Garrison
JERRY E. MARTIN
DAVID W. GARRISON
SCOTT P. TIFT
SETH M. HYATT
**BARRETT JOHNSTON, LLC**
217 Second Avenue North
Nashville, TN 37201
(615) 244-2202
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com
stift@barrettjohnston.com
shyatt@barrettjohnston.com

*Counsel for Plaintiffs*

/s/ Douglas R. Pierce w/permission
Douglas R. Pierce
King & Ballow
315 Union Street
Nashville, TN 37201
dpierce@kingballow.com

*Counsel for Defendant*

3

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing *Proposed Agreed Order Conditionally Certifying FLSA Collective Action and Issuing Notice to Class* has been served on the following via the Court's CM/ECF system:

Douglas R. Pierce
King & Ballow
315 Union Street
Nashville, TN 37201
dpierce@kingballow.com

on this 15th day of August, 2013

/s/ David W. Garrison
DAVID W. GARRISON
BARRETT JOHNSTON, LLC

# EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ALEXANDER SANTIAGO, ERIC GIDDENS, On behalf of THEMSELVES and All Others Similarly Situated, | ) ) ) ) | |
| *Plaintiffs* | ) ) | COLLECTIVE ACTION |
| v. | ) ) | CASE NO. 3:13-cv-00426 |
| STANDARD CANDY COMPANY, INC. | ) ) ) | JUDGE SHARP MAGISTRATE JUDGE KNOWLES |
| *Defendant.* | ) | |

## NOTICE OF PENDING FAIR LABOR STANDARDS ACT LAWSUIT

**To:** All individuals employed by Standard Candy Company, Inc., at its Nashville, Tennessee, facility as production, maintenance, quality assurance, and/or sanitation workers at any time between May 15, 2007 and the present who are or were paid as non-exempt, hourly employees.

### I. INTRODUCTION

The purpose of this Notice is to inform you of the existence of a collective action lawsuit in which you may have the right to join, to advise you of the nature of the lawsuit and how it might affect your rights, and to provide information to you on the procedure for participating in this lawsuit if you qualify and so desire. This is your decision, and you have no obligation to participate in this lawsuit or respond to this Notice.

This Notice is for the sole purpose of determining the identity of those persons who wish to be involved in this case to recover wages Plaintiffs allege should have been paid. Although the United States District Court for the Middle District of Tennessee has authorized this Notice, the Court has taken no position regarding the merits of the claims contained in the lawsuit or Standard Candy Company's defenses.

### II. DESCRIPTION OF THE LAWSUIT

On May 3, 2013, a lawsuit was filed by Alexander Santiago and Eric Giddens in the United States District Court for the Middle District of Tennessee against Standard Candy Company, Inc. ("Standard" or "Defendant"), on behalf of themselves and other current and former employees of Standard Candy Company.

This lawsuit alleges that Standard Candy Company violated the Fair Labor Standards Act ("FLSA") in two different ways. First (1), the lawsuit alleges that Standard Candy Company violated the FLSA failing to pay employees for time spent putting on and taking off their

uniforms and other work-related gear before their paid shifts began and after their paid shifts ended.

Second (2), the lawsuit alleges that employees at Standard Candy Company had a 30-minute meal break automatically deducted from their pay each shift, even though they were not able to take their full, uninterrupted 30-minute meal break. In other words, the Plaintiffs allege that employees regularly worked "off the clock" during meal breaks without pay.

This lawsuit seeks damages in an amount equal to the alleged unpaid and underpaid overtime wages, and straight time pay for all other non-overtime hours worked, and Plaintiffs have asked the Court to double the amount owed pursuant to the liquidated damages provision of the FLSA.

Standard Candy Company denies all the allegations in this lawsuit and denies that Plaintiffs are entitled to any relief. Standard Candy Company denies that Plaintiffs were required to perform any work for which they were not paid.

The Court has not ruled on the merits of the claims asserted in this lawsuit or on the denials and other defenses raised by Standard Candy Company.

### III. COMPOSITION OF THE CLASS

The named Plaintiffs seek to sue on behalf of themselves and also on behalf of other employees with whom they believe are similarly situated. Specifically, the Plaintiffs seek to sue on behalf of all employees who worked for Standard Candy Company as hourly employees in the Production, Maintenance, quality assurance, and/or Sanitation Departments during the past six years―on or after May 15, 2007.

### IV. YOUR RIGHT TO PARTICIPATE IN THIS SUIT

It is entirely your decision whether to join in this suit. If you fit the definition of the class described above, you may join this suit or "opt in" by completing, signing, and mailing the enclosed Consent Form, postmarked on or before [60 days from date of mailing], to Plaintiffs' attorneys using the enclosed self-addressed postage prepaid envelope.

If you fail to return the Consent Form to Plaintiffs' attorneys by [60 days from date of mailing], you may not be able to participate in this lawsuit.

If you file a "Consent to Become Party Plaintiff" form, your continued right to participate in this suit may depend upon a later decision by the District Court that you and the Plaintiffs are actually "similarly situated" in accordance with federal law.

If you do not want to join this lawsuit, you do not need to do anything.

### V. EFFECT OF JOINING THE LAWSUIT

If you choose to join in the suit, you will be bound by the Judgment, whether it is favorable or unfavorable, or by any settlement approved by the Court. In addition, if you do not

2

join in this lawsuit or file a lawsuit of your own, the time limit for action on any unpaid wages or overtime claims you may have will continue to run and may cause your claim to be barred by the statute of limitations.

The attorneys for the class plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fee. If there is a recovery, the attorneys for the class will receive a part of any settlement obtained or money judgment entered in favor of all members of the class, or may be paid a separate amount by Standard Candy Company.

By joining this lawsuit, you designate the class representatives as your agents to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

### VI. EFFECT OF NOT JOINING THE LAWSUIT

If you choose not to join this lawsuit, you will not be bound by the Court's decisions, regardless of whether they are favorable or unfavorable, and you will not be entitled to share in any damages award if the Court rules for the Plaintiffs. If you choose not to join in this lawsuit, you are free to file a lawsuit of your own. However, if you do not join in this lawsuit or file a lawsuit of your own, the time limit for action on any unpaid wages or overtime claims you may have will continue to run and may cause your claim to be barred by the statute of limitations.

### VII. NO RETALIATION PERMITTED

Federal law prohibits Defendant from retaliating against you in any way because you have exercised your right to join this lawsuit.

### VIII. NO OPINION EXPRESSED AS TO THE MERITS OF THE CASE

This notice has been authorized by Judge Kevin Sharp of the United States District Court for the Middle District of Tennessee solely for the purpose of notifying individuals of the lawsuit. The court has taken no position in this case regarding the merits of the Plaintiffs' claims or Standard Candy Company's defenses to these claims.

### VIII. YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this suit, your interests will be represented by the named Plaintiffs through their attorneys, as counsel for the class. Counsel for the class are:

David W. Garrison, Esq.
Seth M. Hyatt, Esq.
Barrett Johnston, LLC
217 Second Avenue North
Nashville, Tennessee 37201
615-244-2202

3

Case 3:13-cv-00426   Document 68   Filed 09/13/13   Page 8 of 12 PageID #: 578

## IX. FURTHER INFORMATION

Further information about this Notice, the deadline for filing a "Consent to Become Party Plaintiff," or questions concerning this lawsuit may be obtained by writing or telephoning Plaintiffs' counsel at the number and address stated above.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF STANDARD CANDY COMPANY'S DEFENSES.**

# EXHIBIT 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ALEXANDER SANTIAGO, ERIC GIDDENS, On behalf of THEMSELVES and All Others Similarly Situated, | ) ) ) ) | |
| *Plaintiffs* | ) ) | COLLECTIVE ACTION |
| v. | ) ) | CASE NO. 3:13-cv-00426 |
| STANDARD CANDY COMPANY, INC. | ) ) ) | |
| *Defendant*. | ) | |

### NOTICE OF CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), to become a party plaintiff in the above-captioned FLSA lawsuit. I agree that I will be represented by Barrett Johnston, LLC (Nashville, Tennessee) and I understand that I will be bound by the judgment of the Court to all issues in this lawsuit, including the fairness of any settlement.

**I declare the foregoing is true and correct and certify that this is my signature below.**

Date: _____    _____
                                  SIGNATURE

                                  _____
                                  NAME (Please Print Clearly)

## PLAINTIFF MUST COMPLETE CONTACT INFORMATION ON REVERSE SIDE

# PLAINTIFF CONTACT INFORMATION

Name: _____

Address: _____

City: _____  State: _____  Zip Code: _____

Phone: _____ Email: _____

Last Four Digits of Social Security Number: _____

> Please return to:
> **Barrett Johnston, LLC**
> 217 Second Avenue North
> Nashville, TN  37201